UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CORNELIUS WILSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 08-2039 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On January 17, 2008, Petitioner, Cornelius Wilson, filed a document entitled "Motion for Sentences to Run Concurrent" in his criminal case, 06-20048. In that matter, Petitioner was sentenced to a term of 60 months' imprisonment on January 26, 2007. Pursuant to Federal Rule of Criminal Procedure 35, Petitioner's sentence was reduced by 12 months on September 14, 2007. In his Motion, Petitioner asks the court to "overrule the state decision of a consecutive sentence and run the state and federal concurrently." Petitioner based his motion on his assertion that his attorney, John Taylor, informed him that the Vermilion County Circuit Court would have to impose a concurrent sentence to his federal sentence in a subsequent state court criminal sentencing. On January 18, 2008, this court ordered the Government to file a response to the motion. On the same day, the Government filed its Motion to Dismiss Defendant's Motion for Sentences to Run Concurrent in Petitioner's criminal case arguing that this court had no jurisdiction to hear the motion. On January 28, 2008, Petitioner filed his Response to the Government's Motion to Dismiss in the criminal matter. In his response, Petitioner raises a claim of ineffective assistance of counsel, indicating that his counsel was ineffective for failing to inform him that a consecutive sentence would be imposed by the state court.

This court initially notes that "[o]nce a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to

the extent authorized by statute or rule." United States v. Campbell, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring). This court concludes that it does not have jurisdiction to entertain a motion to correct Petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3582. Nothing in Rule 35 or the statute allows for the relief sought by Petitioner. Therefore, this court concludes that it lacks jurisdiction, in the criminal case, to grant the relief sought by Petitioner. See United States v. Montana, 2003 WL 21801029, at *1 (N.D. Ill. 2003).

This court concludes that Petitioner is seeking relief that he can only obtain through 28 U.S.C. § 2255. Therefore, Petitioner's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. A postconviction motion that is functionally, substantively, a motion under section 2255 should be treated as such, even if labeled differently. United States v. Henderson, 264 F.3d 709, 710 (7th Cir. 2001), citing United States v. Evans, 224 F.3d 670 (7th Cir. 2000).

Accordingly, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court is now advising Petitioner of this court's intent to characterize the Motion as one under § 2255 and warns Petitioner that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255 ¶ 8). This court further advises Petitioner that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Petitioner is allowed thirty (30) days from the date of this Order to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255

claim that he believes that he has.

(2) If Petitioner does not withdraw or amend his Motion, the Government is allowed until March 6, 2008, to file a Response to Petitioner's Motion. If Petitioner amends his Motion within 30 days, the Government is allowed 30 days from the date of the amended Motion to file its Response.

ENTERED this 5th day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE